IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

#198389 / #258451
LEANDER CALHOUN / PEDRO HERNANDEZ )
Full name and prison number )
of plaintiffs(s) )
)
v. )   CIVIL ACTION NO. 2:14-CV-341-MHT
)   (To be supplied by Clerk of
ROBERT BENTLY, GOVERNOR )   U.S. District Court)
)
KIM THOMAS, ALDOC COMMISSIONER )
)
PHYLISS BILLUPS, WARDEN KILBY PRISON )
)
CARL CLAY, DEPUTY WARDEN KILBY PRISON )
)
ALABAMA BOARD OF PARDONS AND PAROLES )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

RECEIVED 2014 MAY -9 P 1:31
DEBRA P. HACKETT, CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES ( )  NO (X)
    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES ( )  NO (X)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:
            Plaintiff(s) _____ N/A _____

            Defendant(s) _____ N/A _____

        2.  Court (if federal court, name the district? if
            state court, name the county) _____
            N/A

3. Docket number _____ N/A

4. Name of judge to whom case was assigned _____ N/A

5. Disposition (for examples Was the case dismissed? Was it appealed? Is it still pending?) _____ N/A

6. Approximate date of filing lawsuit _____ N/A

7. Approximate date of disposition _____ N/A

II. PLACE OF PRESENT CONFINEMENT Kilby Correctional Facility

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Kilby Correctional Facility

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | Robert Bently | 600 Dexter Avenue Montgomery, AL. 36130 |
| 2. | Kim Thomas | 301 South Ripley St. Montgomery, AL. 30150 |
| 3. | Phyliss Billups | P.O. Box 150 Mt. Meigs, AL 36057 |
| 4. | Carl Clay | P.O. Box 155 Mt. Meigs, AL. 36057 |
| 5. | Alabama Board of Pardons and Paroles | 301 South Ripley St. |
| 6. | | Montgomery, AL. 36130-7405 |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED Six (6) years 2007 when I first arrived at Kilby

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Attached Hereto

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

___

GROUND TWO: _Attached Hereto_

SUPPORTING FACTS: ___

GROUND THREE: _Attached Hereto_

SUPPORTING FACTS: ___

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Order Inmates who are egible for Parole to be release, and that Kilby comply with this Court's Order

_Leander Calhoun_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on May 7th 2014.
(Date)

_Leander Calhoun_
Signature of plaintiff(s)

4

Robert Bently, Governor of Alabama, In His Individual and Official Capacity.

Kim Thomas, Alabama Department of Corrections Commissioner, In His Individual and Official Capacity

Phyliss Billups, Warden of Kilby Correctional Facility, In Her Individual and Official Capacity

Carl Clay, Deputy Warden of Kilby Correctional Facility, In His Individual and Official Capacity.

Alabama Board of Pardons and Paroles (Appointed By Governor Robert Bently)

Defendants.,

The above Defendants are violating Plaintiffs and Inmates incarcerated at Kilby Correctional Facility Constitutional Rights under the Eighth and Fourteenth Amendments, as well as other violation.

Wherefore, Plaintiffs makes this complaint with the following;

## Living Area and Conditions

Living conditions may not deprive inmates of the minimal civilized measure of life's necessities.

Thus, under the Eighth Amendment, prison must provide adequate shelter, ventilation, clothing, sanitation and protection from hazards such as fire and dangerous substance.

These conditions have caused degeneration and threaten to mental and physical well being of inmates. It have been determine that the conditions at Kilby falls distressingly below civilized standards of decency.

Defendants have fail to supply inmates with sufficient living conditions as of, bed space, showers and toilets which undermines the health of these inmates and increases the likelihood of disease as well as frustration brought on by uncomfortable conditions. These conditions causes serious threat to the health and safety to inmates

In each dormitory fans are place, but many of them are old and broken, defective plumping and the presence smell of sewage. Inadequate sanitation violates the Eighth Amendment Inmates are exposed to an unsanitary and hazardous showering and bathroom area (Just as no human being should be required to have use of bathrooms with slime oozing down the walls, thick soap scum on the walls and floors)

Overcrowding has led to these living conditions here at Kilby prison that resulted in deteriorating physical activities, inadequate medical care and unsanitary conditions.

These conditions have resulted in the spread of disease, heightened the level of tension and violence among inmates.

Furthermore: these close living areas has increased accounts of sexual assaults.

The tremendous increase in the prisoner population that underlies it fuels violence. Crowding severely limits or eliminates the ability of prisoners to be productive, which can leave them feeling hopeless. This pushes officers to rely on forceful means of control rather than communication, and makes it harder to classify and assign inmates safely and identify the mentally ill.

Defendants have continue to fail or intentionally overlook the serious conditions that inmates must live in. Kilby prison is operating over capacity and under staff.

Defendants are in contempt of a previous court order from (1976) see Pugh v. Locke M.D.

## FOOD SERVICES

It has long been held that the failure to properly prepare and serve nutritionally adequate meals constitutes an Eighth Amendment violation.

Plaintiffs/and inmates depend on the defendants to feed them they are entitled to nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.

The food served to inmates is deficient, it is prepared under conditions so unsanitary and untrained inmates that a threat to the health of inmates who consume it.

There are empty barrels line in front of the dishwasher window for inmates to dump their trays. These barrels has other than food throwned in them. The barrells are taken out to the compost where its buried in the ground for fertilizer. Greens, tomatos, and other vegatable are picked and brought in to serve to inmates.

Inmates are given a quick harsh (5) five minutes to eat without properly chewing the food, they're ask to constantly move from table to table, while officers walk around using abusive language for inmates to leave without finishing their meal.

Many inmates have become sick after eating in the dining hall bause by actual harmed of conditions of unsanitary food and utensil that every inmate use are the same thats washed in low poor water and half the time the dishwasher is broken.

These utensils are plastic that can hold bacteria if not properly steam and washed.

The floors where the food is prepared are unsafe to walk on, water is constantly on the floor from a stop-up drain, or leak. Inmates and stewarts have complain some have actually fallen, but it goes unreported.

Defendants are aware of improper food storage, inadequate dishwasher, untrained inmates, open garbage cans and leaking water the lack of shnitation presents an imminent danger to the health of each and every inmate.

## Classification

Defendants classification procedures impose atypical and significant hardship, and have showed discrimination against Blacks and Mexicans (Mexicans are sometimes listed by defendants as white-male)

When inmates arrive at Kilby Prison the only recieving unit for male inmates. These inmates are housed in isolated dormitories until their physicals and classification is complete, most important for medical is the physical.

There are (5) five classification specialist who will have anywhere from five (5) to ten (10) inmates per day. As for permanent party at Kilby Prison there are only two (2) specialist who divide a total of maybe (500) five-hundred inmates. Some inmates have seen a specialist.

Some inmates were denied to have the "R" suffix remove from their files, while white-inmates who had the "R" suffix was remove and transfered to the Cattle Ranch work release.

THESE WHITE INMATES CRIMES ARE AS HENIOUS AS BLACKS AND MEXICANS.

THESE RESTRICTIONS BY DEFENDANTS SUPPORTS NO SUCH VALID PURPOSE ONLY TO HAVE INMATES BECOME DEPRESS AND ANGRY WITH CLASSIFICATION.

ALABAMA BOARD OF PARDONS AND PAROLES

ALABAMA BOARD OF PARDONS AND PAROLES HAVE INMATES INCARCERATED BY FAILING TO GRANT PAROLE TO INMATES, THERE ARE INMATES WITH NO PROTESTERS, NO DISCIPLINARIES OR CITATIONS, HOME PLAN AND SOME HAVE JOBS WAITING FOR THEM. THE BOARD WILL DENY HIM PAROLE WITHOUT REASONS. THE BOARD WILL MAIL A LETTER ONLY STATING THAT YOU BEEN DENIED UNTIL FOUR (4) YEARS OR FIVE (5) YEARS AND CONTINUE TO OBEY ALDOC OFFICIALS.

THESE DEFENDANTS ARE HELPING TO CAUSE OVERCROWDING BY NOT RELEASING INMATES ON PAROLE, AND THE BOARD IS ALSO VIOLATING PLAINTIFFS RIGHTS UNDER THE EIGHTH AMENDMENT, BECAUSE THEY'RE VERY AWARE OF KILBY BEING OVER CAPACITY WITH PAROLE VIOLATORS AND INMATES WHO SHOULD BE GRANTED PAROLE, BUT WAS DENIED FOR NO REASONS.

CORRECTIONAL OFFICERS/STAFF

    Defendants have fail to provide adequate rehabilitation opportunities for inmates to maintain conditions which makes rehabilitation impossible.

    Defendants have taken up all board games from inmates, basketballs, volleyballs and other physical activities are old and not good for actual use. Inmates are constantly being lock-down in their dormitories on second (2nd) shift by Lt. Victor Nunn this only occur when his supervisors have lift for the day. Inmates have reported this Lt. several times about harassment, abusive language, and discrimination.

    It have also been reported that inmates with emotional and physical disabilities which require special attention pass unnotice. The staff comes to work at Kilby Prison creates a safety and security hazard, but writes the inmate a disciplinary because officers are aware that Administration will find the inmate guilty regardless of the reason.

    There're cases pending in Montgomery Circuit Court by way of writ of certorari challenging Kilby's disciplinary proceeding or other mistreatment of inmates at Kilby Prison.

    Let the record reflect that there's an ongoing problem with this staff, and results of overcrowding is a major factor. At times inmates believe that the staff is abusing their authority instead of correcting, they're creating problems.

## Conclusion

Defendants are in violation of a previous court order issued by a (3) three-judge panel regarding these same issues.

Defendants have continue to avoid the need to release inmates, and needs to correct the problem. It has been proving by the numbers that defendants are housing inmates over the capacity that the prison is design to house.

These claims against defendants have been ongoing and the failure to comply with court order, and failure to notice that children are being house in dorms with adults at present time, is in violation of the federal constitution as well as Alabama constitution.

Numbers shows that the Board have constantly denied inmates parole from the Alabama Sentencing Commission Progress Continues, Presumptive Sentencing Standards Report 2014

Board of Pardons and Paroles Information FY13 shows;
Paroles = Considered 7,627; Denied 5,315; Granted 2,312.

Its clear and relevant that defendants are under funded and has fail for the past 38 years since the court last order about Kilby Prison. See _Pugh v. Locke_ (Appendix) to maintain the overcrowding.

Relief Sought

Request that Plaintiff and Inmates that are eligible be release and those who can be transfer to work release.

Request that an Order be issue to Defendants being in Contempt of a previous Order.

Request that the Court Order that Defendants to solve the overcrowding problem

Done this the 7th day of May 2014

Respectfull
*Leander Calhoun*
*Leander Calhoun*
Plaintiffs

Leander Calhoun
#198389- H Dorm- Bed-56-A
P.O. Box 150
Mount Meigs, AL. 36057

Office of the
Clerk of the Court
United States District C
P.O. Box 711
Montgomery, Alabama
36101-0711

Legal mail