IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO HERNANDEZ, #258451, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-343-MHT |
| ) | |
| ROBERT BENTLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Pedro Hernandez ("Hernandez"), an indigent inmate, in which he challenges general conditions of confinement at the Kilby Correctional Facility in 2014. The order of procedure entered in this case instructed Hernandez to inform the court and the defendants immediately of any new address. *Doc. No. 19* at 5, ¶6(h). The record demonstrates that Hernandez received a copy of this order.

This court recently obtained information that Hernandez is no longer at the last address he provided for service.[1] Upon receipt of this information, the court entered an order allowing Hernandez an opportunity to file a current address with the court and/or show cause why this case should not be dismissed for his failure to prosecute the action. *Doc. No. 46*. This order specifically advised Hernandez that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with the order would result in the dismissal of this case. *Id*. at 1-2. His response was due on or before February 13, 2017. The Clerk mailed a copy

---

[1]The last address provided to the court by the plaintiff is the Kilby Correctional Facility. A search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that the plaintiff is not currently incarcerated within the state prison system.

of this order to Hernandez. The postal service returned this order because Hernandez no longer resided at the last address provided to the court. As of the present date, the court has received no response from Hernandez to the order, nor has he provided the court with his current address as required by the original order of procedure. Based on the foregoing, the court concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Hernandez is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Hernandez has failed to provide the court with his current address and, despite being offered an opportunity to do so, has also failed to show cause why this case should not be dismissed for such failure. It likewise appears that Hernandez is no longer interested in the prosecution of this case as he has failed to contact the court since his release from confinement. Finally, and most importantly, this case simply cannot properly proceed in Hernandez's absence.

It is clear to the undersigned that any further effort by this court to secure Hernandez's compliance with its orders would be unavailing and a waste of scarce judicial resources. The actions of Hernandez indicate willful indifference to the maintenance of this action. Thus, the court concludes that Hernandez's failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before March 2, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 16th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge